## Wheatcroft Appeal.

Argued September 17, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Alfred O. Breinig, Jr.,* for appellant.

*Richard W. Rogers,* for appellee.

OPINION BY MONTGOMERY, J., December 10, 1970.

This is an appeal by R. Wheatcroft, the successful bidder for the real property of Walter A. Wright, which was sold by the Tax Claim Bureau of Montgomery County, Pennsylvania, for delinquent taxes, from the refusal of the Court of Common Pleas of Montgomery County to confirm said sale.

The Tax Claim Bureau conducted its yearly upset sale of real property, including the property purchased by appellant, on September 9, 1968, and, pursuant to

the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, art. VI, §607, as amended by the Act of May 10, 1951, P. L. 258, §1, 72 P.S. §5860.607, filed its Consolidated Return in the Court of Common Pleas on November 8, 1968. However, in that Return the Bureau recommended that the sale of the Wright property not be confirmed by the court for the reason added at the end of its Schedule "E" on the Wright property Return, i.e., "Reason Sale Void. Improper notice and question of validity of claim." On November 8, 1968, the lower court confirmed nisi most of the sales included in the Consolidated Return but the decree nisi declared the sale to Wheatcroft ". . . to be null and void and of no effect whatever for the reasons set forth therein [Schedule "E"]." Although Wheatcroft filed exceptions to the decree nisi and argued same before a court en banc, no evidence was offered on the matter, and the exceptions were dismissed.

In an opinion filed by Hon. Richard S. Lowe, the court below based its decision of refusal to confirm this sale on the sole reason that §607 of the aforesaid act, 72 P.S. §5860.607, provides that objections or exceptions to the decree nisi may be filed by any owner or lien creditor within sixty days and, thus, Wheatcroft, as a "mere preferred proposer", *Wilkes-Barre v. Luzerne County Tax Claim Bureau*, 4 Pa. D. & C. 2d 399 (1955), had no standing to object to the said decree.

We believe that the lower court erred in holding that Wheatcroft did not have standing to except to the refusal to confirm this sale.

Section 607(a) of the act provides that, after a Return has been made by the Bureau, ". . . if it shall appear to said court that such sale has been regularly conducted under the provisions of this act, the said return and the sales so made shall be confirmed nisi."

From our review of the record, it appears to us that there is nothing in the record showing that any of the provisions of the act have not been complied with except, of course, the suggestion by the Bureau that the sale not be confirmed. The facts and circumstances upon which the Bureau's suggestion are based do not appear in the record. The court's decision having been based on the mere suggestion of the Tax Bureau and not on facts appearing in the record, we think that Wheatcroft should have been afforded an opportunity to be heard. Thus, we hold that in the circumstances of this case, Wheatcroft does have standing to object to the court's action.

We agree with the lower court, however, that there are conceivable circumstances in which Wheatcroft would not have had standing to object. For example, had the court confirmed the sale nisi, Wheatcroft would not have had standing to object since, naturally, there would have been no reason to do so. However, our decision here is based on our conclusion that the Bureau has made a Return on the subject Wright property, as is its duty under §607 of the act, supra, and that its suggestion to the court that the sale not be confirmed does not render the Return a nullity. Apparently the lower court also assumed that the Return had been made since it passed upon its validity.

We do not disapprove of the action of the Bureau in making suggestions to the court and of its giving evidence upon which the court might base a decision on the propriety of confirming a tax sale. However, we believe that when the Bureau makes the required Return, as it did in this case, in the interest of justice the purchaser should have an opportunity to hear and refute any evidence offered by the Bureau or owner. Without a full hearing on the matter, the door might be opened to fraud, whereby the Bureau could repudi-

ate an otherwise valid sale for frivolous or illegal reasons. A question of fact having been raised by the Bureau's suggestion, the case should have been set down for hearing before the court made a decision on the validity of the sale.

The order of the lower court is reversed, and the case is remanded to the lower court for further proceedings consistent with this opinion.

JACOBS, J., dissents.