## Kelsey Barber Corporation v. Matlack

*Arnold R. Lieberman,* for use plaintiff.
*Richard S. Packel,* for petitioner.
*Edward Kassab,* for respondent.

deFURIA, J., October 27, 1971.—In this action a judgment was obtained against defendant by the use plaintiff. Thereafter, execution issued, real property of defendant was sold by the sheriff and a deed has been delivered to the purchaser at sheriff's sale. The purchaser is not a party to the original action.

Pamela Matlack Holt filed a petition for a rule to show cause why a guardian should not be appointed for her mother, Marion D. Matlack, defendant herein, and further, asking why the judgment entered against her mother should not be vacated and a new trial granted.

The rule names the purchaser at sheriff's sale a respondent. He filed the preliminary objections which are before the court, contending the petition and rule are defective in that the petitioner is not a real party in interest and that a misjoinder of relief is sought.

The use plaintiff filed an answer to the petition, denying the material allegations. They have filed no brief.

Pennsylvania Rule of Civil Procedure 2053 requires that an incompetent party to litigation be represented by a guardian. Under Pa. R. C. P. 2056, plaintiff is required to move for the appointment of a guardian for a defendant, if plaintiff becomes aware that defendant is an incompetent. The court itself may appoint a guardian if it becomes aware of defendant's incompetency. Pa. R. C. P. 2059 provides for the presentation of a petition for the appointment of a guardian. The rule does not specify who may file the petition.

It doesn't seem significant how or who brings the allegation of incompetency to the knowledge of the court. Once the court is aware that a party is allegedly incompetent, it is the duty of the court to appoint a guardian for him if, in fact, he is incompetent.

The contention that the petition and rule to show cause in this case is defective because the petitioning daughter of defendant is not a real party in interest is without merit.

Under rule 2056, where there is a finding of incompetency after the conclusion of the trial, or after the entry of a finding, verdict or judgment, the court may vacate the finding or verdict and may enter an order in the nature of a procedendo.

Whether or not a finding that defendant is in-

competent will be timely enough to benefit defendant, since the execution and sale of her real property has already taken place, has no bearing on the propriety of the effort to protect such rights defendant may have.

The contention that the effort to open judgment is misjoined with request for the appointment of a guardian is without merit.

It should be noted that Pa. R. C. P. 206 to 209 inclusive, which determine the procedure upon petition and answer, do not contemplate the filing of preliminary objections to a rule to show cause. The proper pleading is an answer to the petition: Wargo v. Wargo, 57 Schy. L. R. 32, 35 (1961), Tonuci v. Lennon, 13 D. & C. 2d 791, 792 (1958).

We, therefore, make the following:

## ORDER

And now, October 27, 1971, it is ordered and decreed that the preliminary objections filed for and on behalf of the respondent be and are hereby dismissed.

The respondent is directed to file an answer within 20 days.