**In re Lewis**

*Lee C. Swartz,* for owner.
*Bernard A. Ryan* and *Richard L. Kearns,* for exceptants.
*James H. Stewart, Jr.,* for tax sale purchaser.

MORGAN, J., October 6, 1980—We are here considering whether to set aside a real estate tax sale.

On November 7, 1977 this court entered a decree nisi, as provided in section 607(a) of the Real Estate Tax Sale Law,[1] confirming the above-docketed tax sale of some hundreds of properties in Dauphin County, including the sale of tax parcel 63-27-61 located in Swatara Township and titled of record in Ereno Lewis, Sr., Mary H. Lewis, his wife, and Ereno Lewis, Jr. These record owners have not questioned the sale and are not parties to these proceedings. However, exceptions to the sale were filed by Best Products Co., tenant in possession, on November 23, 1977 and by Bank of Virginia, lienholder, on December 8, 1977, both exceptants

_____

1. Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.101 et seq.

complaining, among other grounds, that the Dauphin County Tax Claim Bureau had not posted the property. Tax parcel 63-27-61 was expressly excepted from the decree of absolute confirmation of the sale entered on January 11, 1978. By petition filed on April 5, 1978, the Dauphin County Tax Claim Bureau informed this court that the property had not been posted and requested that the sale be invalidated. The exceptions and the petition by the Tax Claim Bureau are opposed by A. G. Properties, Inc., the tax sale purchaser.

This matter is resolved by simply asking the question whether this court can, after notice that the Tax Claim Bureau failed to post the property as required by the Real Estate Tax Sale Law, confirm absolutely the sale of that property. The answer is no.

Section 607(a) provides that the sale shall be confirmed nisi "if it shall appear to said court that such sale has been regularly conducted." We construe "regularly conducted" to mean in conformity with the prescribed rules and one of those rules, stated in section 602, is that notice of the sale shall be given "by posting on the property." The plain meaning of these words is that it be posted on the property to be sold, not elsewhere, and the parties all agree that this was not done. Arguments about whether the record owner or the exceptants had actual notice of the sale are not relevant to the issue we are here examining. Had this court been aware, prior to the nisi confirmation, that the property had not been posted, the decree could not properly have been entered. We have no greater latitude in entering the decree of absolute confirmation.

The mandatory nature of the notice requirements of the Real Estate Tax Sale Law has frequently been

stated. The fact that the defect was not disclosed to the court until after the decree nisi does not in any manner dilute that mandate. Until confirmed absolutely, the sale is executory, not executed. The decree nisi provides an opportunity to inform the court of defects in the proceedings before the absolute confirmation is entered. The Tax Claim Bureau presented the return to this court and it was entirely proper for it to disclose a defect in the proceedings. See Wheatcroft Appeal, 217 Pa. Superior Ct. 342, 345, 272 A. 2d 186 (1970).[2] Indeed, because the executed sale might still have been challenged on the same grounds in a later suit (Hoover v. Bucks Co. Tax Claim Bureau, 44 Pa. Commonwealth Ct. 529, 405 A. 2d 562 (1979)), it would have been remiss if it had failed to do so. Where the defect is nonposting, this court has no discretion.

Accordingly, we enter the following

## ORDER

And now, October 6, 1980, the decree nisi entered in the within matter on November 9, 1977 is hereby set aside as to Tax Parcel 63-27-61 and the sale of the said parcel (No. 1628) declared invalid. The time and conditions of another sale to be held in conformity with the Real Estate Tax Sale Law will be fixed upon application to the Tax Claim Bureau.

---

2. In re Tax Claim Bureau, _____ Pa. Commonwealth Ct. _____, 416 A. 2d 617 (1980), is not contrary. There the petition by the tax claim bureau was not filed until after the sale had been confirmed absolutely.