330 Pa. Superior Ct. 65 (1984)
478 A.2d 1352
Elizabeth NEWBERG, a Minor, by Herbert NEWBERG and Babbette Josephs, her Parents and Guardians, Pauline H. King, a Minor, by Hugh King, her Parent and Guardian, Jessica S. Bonn, a Minor, by Anne Bonn and Jerrold Bonn, her Parents and Guardians
v.
BOARD OF PUBLIC EDUCATION, School District of Philadelphia, Dr. Constance E. Clayton, Superintendent of Schools, and Dr. Richard D. Haunsey, Assistant Superintendent for Field Operations.
Appeal of STUDENTS CURRENTLY ATTENDING PHILADELPHIA HIGH SCHOOL FOR GIRLS et al.
Supreme Court of Pennsylvania.
Argued May 1, 1984.
Filed July 20, 1984.
*67 Hyman Lovitz, Philadelphia, for appellants.
Arthur H. Bryant, Philadelphia, for Newberg, et al., appellees.
Andrew M. Rosen, Philadelphia, for Board of Public Ed., et al., appellees.
Before SPAETH, President Judge, and BROSKY and CIRILLO, JJ.
SPAETH, President Judge:
This case is before us on two appeals, which have been consolidated. The first of the appeals will be quashed. On the second appeal, we affirm.
The action is a class action seeking the admission of females to Central High School.[1] The named Plaintiffs are three female students whose applications for admission to Central were denied only because they were female. The defendants are the Board of Public Education, the School District of Philadelphia, the Superintendent of Schools, and the Associate Superintendent for Field Operations. After a hearing on the plaintiffs' motion for a preliminary injunction, the trial court issued a decree nisi, with proposed findings of fact and conclusions of law, holding that the gender-based exclusion of the plaintiffs from Central violated the plaintiffs' rights under the Equal Rights Amendment to the Pennsylvania Constitution, Pa. Const., Art. I § 28, *68 and the Fourteenth Amendment to the United States Constitution. On September 28, 1983, the court dismissed most of the defendants' exceptions to the decree nisi and issued amended findings of fact with a final decree permanently enjoining the defendants from refusing to admit female students to Central. When the defendants chose not to appeal, appellants, who are several students and graduates of Central and Philadelphia High School for Girls, on October 21, 1983, filed Appeal Number 2934 Philadelphia District challenging the final decree. On October 24, 1983, appellants filed a petition for leave to intervene in the action. After a hearing, the trial court by order dated October 26, 1983, denied the petition; and on November 17, 1983, appellants filed Appeal Number 3112 Philadelphia District challenging that order.
Appellants make several arguments, which may be generally summarized as urging that they were denied due process; that the issues in this case had already been decided against the class in Vorchheimer v. School District of Philadelphia, 400 F.Supp. 326 (E.D.Pa. 1975), rev'd 532 F.2d 880 (3d Cir. 1976), aff'd by an equally divided court, 430 U.S. 703, 97 S.Ct. 1671, 51 L.Ed.2d 750 (1977), and therefore the decision in this case is controlled by principles of res judicata and collateral estoppel; and that in any event, the Philadelphia High School for Girls is equal to Central, and the maintenance of two equal, single-gender public schools is substantially related to a legitimate government purpose. However, we may not consider these arguments.
"Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order. . . may appeal therefrom." Pa.R.A.P. 501 (emphasis added). Accordingly, an appeal by one who was not a party to a proceeding in the trial court must be quashed. Mechanics National Bank v. Buchman, 253 Pa. 245, 97 A. 1056 (1916); In re Devereux's Estate, 353 Pa. 560, 46 A.2d 168 (1946) (no standing to appeal because appellant never properly became a party to the proceeding in trial court). The Appellate Rules do not define the term "party." However, the note *69 following the definitional rule, Pa.R.A.P. 102, states that that rule is based on 42 Pa.C.S. § 102, which defines "party" as "a person who commences or against whom relief is sought in a matter. . . ." In this case, appellants participated in the proceedings before the trial court only as amici curiae. They therefore had no standing to appeal the trial court's final decree. Mechanics National Bank, supra; In re Petition to Amend Home Rule Charter of City of Pittsburgh, 69 Pa.Cmwlth. 292, 450 A.2d 802 (1982) (person who only participated as amicus curiae in trial court is not party and has no standing to appeal). Appeal Number 2934 must therefore be quashed.
It was, one may assume, in anticipation of this conclusion that appellants petitioned for leave to intervene in the action. However, a petition for leave to intervene must be filed during the pendency of the action. Pa.R.C.P. 2327. After final adjudication, a petition to intervene is too late. Admiral Homes, Inc. v. Floto Management Corporation, 397 Pa. 509, 156 A.2d 326 (1959); Robinson Township School District v. Houghton, 387 Pa. 236, 128 A.2d 58 (1956). Here, the final adjudication was on September 28, 1983, but appellants did not file their petition for leave to intervene until October 24, 1983. The petition was therefore not timely, and was properly denied.
Appellants argue that they had the right to assume that the defendants would protect their interests, and that they filed their petition for leave to intervene "immediately", Brief for Appellants at 51, after learning that the defendants would not appeal the trial court's final adjudication. However that may be, under Admiral Homes and Robinson Township they were obliged to file their petition before the adjudication.
Appeal Number 2934 is quashed. On Appeal Number 3112, the order of the trial court denying appellants' petition for leave to intervene is affirmed.
NOTES
[1] Central High School and Philadelphia High School for Girls are the only schools in the Philadelphia School system in which all of the students are preparing for college. R. 257 a. At the time this action was commenced Central High School admitted only males and Philadelphia High School for Girls, only females; they were the only single-gender schools in the Philadelphia school system. Plaintiffs' Requests for Admissions, No. 26.