524 A.2d 1052

Commonwealth of Pennsylvania, Appellant *v.* Cynthia Alessi, Appellee.

Argued February 24, 1987, before Judges CRAIG, DOYLE (P) and BARRY, sitting as a panel of three.

*Gwendolyn T. Mosley,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, *John G. Knorr, III,* Senior Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellant.

*Dennis C. McAndrews,* for appellee.

OPINION BY JUDGE DOYLE, April 24, 1987:

This is an appeal by the Commonwealth of Pennsylvania, Department of Public Welfare from an order of the Court of Common Pleas of Delaware County directing that Cynthia Alessi, a twenty-one year old mentally retarded young woman, be committed for one year to the Royer-Greaves School for the Blind (Royer-Greaves), a private residential facility. The order also directed that the Department of Public Welfare (DPW) was to fund Ms. Alessi's inpatient care based upon a regular schedule established for such care by Royer-Greaves. The common pleas court issued its civil commitment order pursuant to Section 406 of the Mental Health and Mental Retardation Act of 1966 (Act), Act of October 20, 1966, P.L. 96, *as amended,* 50 P.S. §4406. The trial court's authority to order commitment under

Section 406 of the Act is not in question here. What is in question is that portion of the trial court's order which directed the DPW to fund the care for such commitment.

There is no dispute that prior to its order the trial court directed that a hearing be held before a Mental Health Review Officer and that such hearing was held and resulted in the recommendation for commitment adopted by the trial court. There is also no dispute that neither DPW nor the Commonwealth was a party to those proceedings. Once DPW learned of the order that it fund Ms. Alessi's care, it "appealed" to this Court.

We must quash DPW's appeal, however, inasmuch as Pa. R.A.P. 501, with certain exceptions not applicable here, permits an appeal to this Court *only by a party*. The Alessis argue that DPW is never a party to a commitment action unless it intervenes and that it could have done so here. Be that as it may, it did not intervene and hence is not a party.

We hasten to add that our decision today should in no way be construed as an indication that a trial court cannot order a commitment. Nor do we reach the substantive issue of whether it has concommitant authority to order DPW to provide funding. We hold only that where one is not a party to the proceedings below it cannot appeal to this Court.

## ORDER

NOW, April 24, 1987, the appeal in the above captioned matter is hereby quashed.