111 Pa. Commonwealth Ct. 301 (1987)
533 A.2d 1092
M.J.M. Financial Services, Inc., Appellant
v.
Beatrice Burgess, an Incompetent, by her guardian, Michael P. Dignazio, Appellee.
In Re: Upset Price Tax Sale of September 9, 1985, by the Tax Claim Bureau of Delaware County. M.J.M. Financial Services, Inc., Appellant.
No. 3474 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued June 11, 1987.
November 25, 1987.
*302 Argued June 11, 1987, before Judges MacPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.
Alfred O. Breinig, Jr., for appellant.
Michael P. Dignazio, for appellee.
OPINION BY JUDGE BLATT, November 25, 1987:
M.J.M. Financial Services, Inc. (M.J.M.) appeals two orders of the Court of Common Pleas of Delaware County (trial court), the first of which denied M.J.M.'s petition to intervene and open judgment in a case wherein the trial court refused to confirm nisi the sale of property No. 40 located in Aston Township and the second of which denied M.J.M.'s exceptions to refusal to confirm the sale nisi.
*303 M.J.M. purchased real property located at 506C Weir Road in Aston Township at an upset sale held by the Delaware County Tax Claim Bureau (Bureau) on September 9, 1985. Subsequently, Michael P. Dignazio, guardian to Beatrice Burgess who had been adjudicated an incompetent by the Orphans' Court of Delaware County on April 16, 1985, sought to have the sale invalidated on grounds of lack of proper notice. To this end, Mr. Dignazio, on September 19, 1985, filed exceptions with the trial court in which he alleged that, although the County Tax Assessment Office had notice of Mr. Dignazio's appointment as guardian for Mrs. Burgess on or before July 26, 1985, the Bureau forwarded the notice of sale to Mrs. Burgess at her old address and that such action violated the notice requirements appearing in Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.602. Mr. Dignazio further averred that he, as guardian, did not receive actual notice of the sale until it had occurred. He, therefore, requested that the trial court strike the sale. The trial court held a hearing on September 24, 1985, at which time Mr. Dignazio and a witness for the Bureau appeared. The Bureau conceded that the notice was inadequate. M.J.M. did not participate in this hearing. Subsequently, on September 24, 1985, the trial court ordered that the sale be set aside.
According to M.J.M.'s petition to open the judgment and to intervene, it first learned of Mr. Dignazio's exceptions to the sale on September 26 when it received a letter dated September 19 from Mr. Dignazio advising M.J.M. of the petition to strike off the sale and of the hearing. M.J.M. alleges that this letter was sent by regular mail and not in conformity with local Rule 206. M.J.M. further avers that it received, on October 8, 1985, a letter from the Bureau whereby it first *304 learned that the sale had been set aside and further received a check for the upset price it had paid. On October 14, 1985, M.J.M. praeciped the trial court to reduce the September 24 order to judgment. Then on October 24, 1985, M.J.M. petitioned the trial court to intervene in the matter and to open judgment. A hearing was held. The trial court concluded that M.J.M. lacked standing to intervene. Exceptions were filed by M.J.M. and were dismissed and an appeal to this Court followed.
On appeal here, M.J.M. contends that the trial court erred in setting aside the sale without there first having been a consolidated return of the tax sale filed with the trial court and without notice and joinder of the tax sale purchaser, i.e., M.J.M. It further asserts that the trial court's refusal to confirm the sale was in error.
Mr. Dignazio contends first that this Court lacks jurisdiction to decide the instant matter because there was no appeal of the September 24, 1985 trial court order setting the sale aside. We disagree. First, inasmuch as M.J.M. was not a party with respect to the September 24 order, it had no standing to appeal. Commonwealth v. Alessi, 105 Pa. Commonwealth Ct. 453, 524 A.2d 1052 (1987); Newberg v. Board of Public Education, 330 Pa. Superior Ct. 65, 478 A.2d 1352 (1984).[1] When M.J.M. discovered the adverse order, it sought leave to intervene and when that intervention was denied it duly appealed that order as well as the one denying its exceptions. We, therefore, conclude that we have jurisdiction over the instant matter.
Next, Mr. Dignazio asserts that the petition to intervene was properly denied because it was untimely. It is *305 true that Pa. R.C.P. No. 2327 permits intervention during the pendency of an action. It is also true that Newberg held that a petition to intervene filed after entry of an adjudication but within the thirty-day period to appeal is untimely. Newberg, however, does not deal with the situation where the purported intervenor was allegedly unaware of the litigation. Nor does Rule 2327 address that problem. M.J.M. has alleged that it was unaware of the petition to set aside the sale until two days after the order itself setting aside the sale was entered and was not aware of the order until October 8. A motion to intervene after entry of a decree should be denied except in extraordinary circumstances. Jackson v. Hendrick, 498 Pa. 270, 446 A.2d 226 (1982). We hold that such extraordinary circumstances are present here, and hence that intervention should have been permitted.
Mr. Dignazio further asserts that M.J.M. would not have standing to appeal to the trial court. It argues that it is up to the Bureau to prove that it complied with the notice provisions of the law and that where it concedes it has not done so, M.J.M. has no standing to complain. Mr. Dignazio, citing L. Marra Real Estate Appeal, 73 Pa. Commonwealth Ct. 85, 457 A.2d 231 (1983), argues that because a successful bidder lacks standing to file exceptions to the confirmation nisi, a fortiori, M.J.M. has no standing here. We respectfully disagree.
We note first that this case is distinguishable from the situation in L. Marra because here the successful bidder is not attempting to file exceptions to the confirmation of the sale but to file exceptions to the setting aside of the sale. There is a world of difference. Despite Mr. Dignazio's protestations to the contrary, we find Wheatcroft Appeal, 217 Pa. Superior Ct. 342, 272 A.2d 186 (1970) to be controlling here. In Wheatcroft after a tax sale, the Bureau requested that the Court not confirm *306 the sale by indicating in its return that the sale was void for "improper notice and question of validity of claim." The trial court determined that the purchaser lacked standing to contest the Bureau's recommendation. The Superior Court disagreed. It reasoned that the trial court had acted in error in setting aside the sale based only upon the suggestion of the Bureau when there were no facts of record to support the Bureau's position. Mr. Dignazio attempts to distinquish Wheatcroft by asserting that the facts were of record here in that a hearing was held on its petition to set aside.
The value of this hearing, however, was substantially diminished when the purchaser had no opportunity to appear at the hearing and contest the facts. The Wheatcroft Court indicated that to deny the purchaser standing might be to open the door to fraud because "the Bureau could repudiate an otherwise valid sale for frivolous or illegal reasons" and further opined that "in the interest of justice, the purchaser should have an opportunity to hear and refute any evidence offered by the Bureau or owner." Id. at 345-46, 272 A.2d at 188. We agree and note that M.J.M. has alleged that Mr. Dignazio did receive notice of the sale through his secretary. This is a question of fact and M.J.M. deserves the opportunity to show that the notice provisions of the Law were met.
Accordingly, we shall vacate the order of the trial court denying the petition to intervene and remand this case with directions that the trial court permit the intervention and hold a hearing at which M.J.M. be permitted to put on evidence to demonstrate that the notice provisions of the Law were complied with.[2]

*307 ORDER
AND NOW, this 25th of November, 1987, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is vacated and this case is remanded with directions that the trial court permit M.J.M. to intervene in this matter and that the trial court hold a hearing at which M.J.M. be permitted to present evidence that the sale of the subject property was in compliance with the notice provisions of the Law.
Jurisdiction relinquished.
DISSENTING OPINION BY JUDGE MacPHAIL:
I respectfully dissent.
As indicated in the majority opinion, the tax sale was set aside because notice of the sale was given to an incompetent rather than the incompetent's duly appointed guardian. M. J. M. contends that the evidence establishing this fact was not by sworn testimony. The record indicates that the guardian, who is also an attorney, made a statement to the Court that he was the guardian appointed by the trial judge hearing the matter now on appeal and that notice of the sale was not given to him. The attorney for the Tax Sale Bureau (Bureau) stipulated that it was aware of the guardianship and that the Bureau had not given notice to the guardian. On that basis, the trial court properly set aside the sale. The Bureau thereupon returned the purchaser's (M. J. M.) check.
M. J. M. then petitioned to intervene because it had not been given an opportunity to contest the notice issue. What was there to contest? Notice to an incompetent with a duly appointed guardian is clearly insufficient. As noted, the Bureau stipulated that it was aware of the guardian but simply failed to give him notice. There is nothing more to be decided.
*308 Wheatcroft Appeal, 217 Pa. Superior Ct. 342, 272 A.2d 186 (1970), simply does not apply in these circumstances. The notice provisions of Section 607(b) of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.607(b), require notice only to the owner and lien creditors. M. J. M. is neither.
I would affirm the trial court.
NOTES
[1] Mr. Dignazio in his answer to the petition to intervene avers that M.J.M. was not a party and hence that he had no duty to serve M.J.M. with a notice to strike the sale.
[2] Because of our disposition of this matter, we need not reach the question of whether or not the trial court properly dismissed the exceptions.