546 A.2d 157

Commonwealth of Pennsylvania, Department of Public Welfare, and John White, Secretary of the Department of Public Welfare, Appellants *v.* Cynthia Alessi, Appellee.

Argued June 14, 1988, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Gwendolyn T. Mosley,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief of Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for appellants.

*Dennis C. McAndrews,* for appellee.

OPINION BY JUDGE DOYLE, August 24, 1988:

Before us for review is an order of the Court of Common Pleas of Delaware County which held the Department of Public Welfare (DPW) and its Secretary, John F. White, in contempt and fined them one-hundred-fifty dollars per day.

This case is indeed tragic. Ms. Cynthia Alessi, a mentally retarded individual, was ordered by the common pleas court to be placed in the Royer-Greaves School for the Blind. The propriety of that portion of the

common pleas court's order has never been questioned and the parties agree that the court had jurisdiction to order commitment pursuant to Section 406 of the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, P.L. 96, *as amended,* 50 P.S. §4406 (Act). The trial court order, however, also directed that DPW was to fund the care for the commitment.

DPW "appealed" that portion of the order to this Court and in *Commonwealth v. Alessi,* 105 Pa. Commonwealth Ct. 453, 524 A.2d 1052 (1987) we quashed the appeal in accordance with Pa. R.A.P. 501 because neither DPW nor the Commonwealth of Pennsylvania had been a party to the proceedings in the trial court and, thus, could not appeal.

Subsequently, counsel for Ms. Alessi filed with the trial court a rule to show cause why DPW and Secretary White should not be held in contempt for the refusal to fund Ms. Alessi's care. The trial court issued the rule. Hearings were held and an order holding DPW and the Secretary in contempt was entered. Upon DPW's petition, reconsideration was granted and the order was reaffirmed. DPW now appeals again to this Court alleging, *inter alia,* that the common pleas court lacked personal jurisdiction over it and the Secretary. We agree. We note that counsel for the Attorney General (who is representing DPW here) did not file a special appearance when she responded to the rule to show cause. The procedure of entering a special appearance is, however, no longer viable in this Commonwealth. In *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 208 A.2d 252 (1965) the Pennsylvania Supreme Court held that the proper way to challenge jurisdiction is by preliminary objections pursuant to Pa. R.C.P. No. 1017. That was not done in this case. Nonetheless, we do not view the personal jurisdiction issue as having been waived.

*Monaco* and cases which have subsequently relied upon it all concern situations where a complaint has

been filed. And in such situations if one files an answer instead of preliminary objections challenging personal jurisdiction one is viewed as having subjected himself to the court's jurisdiction. *See generally Goodrich-Amram* §2080:11. We can find no case where the *Monaco* requirement of filing preliminary objections has been applied in response to a rule to show cause. In fact, the proper response to such a rule is not preliminary objections, but an answer. *Kelsey Barber Corp. v. Matlack*, 53 Pa. D. & C. 2d 380 (1971). But inasmuch as the filing of an answer waives jurisdiction, that course could not have been followed by the Attorney General's office here.

What the Attorney General did do, and properly in our view, was to raise the issue both at the contempt hearing (which would have been its first opportunity) and at the further hearing upon reconsideration., We thus hold that the issue of personal jurisdiction has been preserved.[1]

We then proceed to decide whether DPW and the Secretary could be held in contempt. We hold that they could not. The trial court never had jurisdiction over DPW and the Secretary. Therefore, it lacked the power to order them to do anything[2] and, thus, could not hold

---

[1] We acknowledge that at the second hearing the Attorney General did present evidence but in light of its renewed objection we find no waiver. And in this instance had it been necessary to reach the merits at least a remand could have been avoided.

[2] *Neshaminy Water Resources Authority v. Del-Aware Unlimited, Inc.*, 332 Pa. Superior Ct. 461, 481 A.2d 879 (1984), relied upon by counsel for Ms. Alessi, is distinguishable. Although the Superior Court held there that a non-party is obligated to comply with a court order of which he has knowledge or risk contempt, the case involved an injunction enjoining an entire class of persons who had been advised of the court's order. Further, the question of personal jurisdiction of those held in contempt who had not been parties was not properly raised and preserved in that case.

them in contempt for failure to obey. *See Rosen v. Rosen,* 353 Pa. Superior Ct. 421, 510 A.2d 732 (1986). Accordingly, the trial court's order must be reversed.[3]

## ORDER

Now, August 24, 1988, the order of the Court of Common Pleas of Delaware County which adjudicated the Department of Public Welfare and Secretary John F. White in contempt is hereby reversed.

---

[3] We cannot help but note that the Commonwealth could have been joined as a party by Alessi's counsel or could have sought permission to intervene. It could then have objected to jurisdiction, both subject matter and personal. It then would have been a party which if aggrieved could have appealed and the issues of subject matter and personal jurisdiction would have been preserved for our review. As it is we do not decide these issues although they were briefed. The parties by their own actions have prevented the issue of the Commonwealth's responsibility to fund involuntary commitment under the Act from being resolved. There has not only been an improper appeal in this case, *see Commonwealth v. Alessi,* 105 Pa. Commonwealth Ct. 453, 524 A.2d 1052 (1987); Pa. R.A.P. 501, but a denial of due process which requires at a minimum adequate notice and an opportunity to be heard before a judgment is reached. *Vichosky v. Boucher,* 162 Pa. Superior Ct. 598, 60 A.2d 381 (1948).