**Myers v. RB & AK Properties, Inc.**

C.P. of Montgomery County, No. 2013-06890

*Jacob Singer* and *Albert Martin*, pro se prospective intervenors.

CORSO, *J.*, Feb. 11, 2015—Prospective intervenors,

Albert Martin and Jacob Singer, petitioners, appeal from this court's order of November 12, 2014 denying their emergency petition to intervene in this action of mortgage foreclosure. The relevant facts are not complex.

On April 2, 2013, Harold and Vera Myers, h/w, plaintiffs, filed and the prothonotary duly indexed a complaint in mortgage Foreclosure against defendant, RB & AK Properties, Inc. The property subject to the mortgage is 2752 Mt. Carmel Avenue, Glenside, Montgomery County, Pennsylvania. On October 23, 2013, default judgment was entered in favor of plaintiff.

Petitioners purchased the subject property at an upset tax sale held by the Montgomery County Tax Claim Bureau on September 12, 2013, and received a deed which was recorded on January 17, 2014.

When plaintiff proceeded to sell the property at a sheriff's sale, they discovered that petitioners had purchased the property at an upset tax sale. Petitioners were notified of the pending sheriff's sale, originally scheduled for June 25, 2014.

On October 7, 2014, the instant "emergency petition to intervene" was filed. Petitioners challenged the validity and enforceability of plaintiffs' mortgage against "their" property and sought to intervene to protect their financial interest pursuant to Pa. R. C.P. 2327.

On October 5, 2014, the court held a hearing on the emergency petition. At the outset, Martin stated that the substantive issue is whether the plaintiffs' mortgage is ahead of "my purchase." Addressing the procedural issue, he stated: "The defendant (plaintiff) has filed a foreclosure action against me, the property owner — I have a deed to

the property — without my being part of the foreclosure action. So I haven't had my day in court, so to speak, and I'm here to have that —." Petitioners also contended that the mortgage sought to be foreclosed was indexed under an incorrect parcel number.

The hearing concluded with the court continuing the next scheduled sheriff's sale for sixty (60) days and requesting legal memoranda. Thereafter, on November 10, 2014, the emergency petition was denied "based upon the holding in *Financial Freedom, SFC v. Cooper*, 21 A.3d 1229 (Pa. Super. 2011)."

Following "request for reconsideration" and denial, on December 8, 2014, notice of appeal to the Commonwealth Court from the November 10, 2014 order was filed. Pursuant to Pa. R.A.P. 1925(b)(1), petitioners filed a timely "concise statement of errors complained of on appeal." Basically, petitioners state that they had no knowledge, actual or constructive of the mortgage foreclosure proceedings, and that they are "long experienced" in matters of tax sales, and had conducted their "usual careful title search" of the public records to determine if any mortgage or liens existed. They concluded the mortgage was not found and could not be found because it had not been properly indexed.

Petitioners also stated that the *Financial Freedom* case relied upon by the court "is not applicable to the case at bar", and that the controlling case is *M.J.M. Financial v. Burgess*, 533 A.2d 1092 (Pa. Commonwealth, 1987).

Initially, it must be noted that a purchaser at an upset tax sale takes the property subject to all existing mortgages, liens and encumbrances. Section 609, Real Estate Tax

Sale Law, 72. P.S. Section 5860.609.

Petitioners' contention that they did not have, nor could they have had constructive notice of plaintiffs' mortgage is without merit. Petitioners fail to aver or present any evidence that they searched the records of the Prothonotary of Montgomery County or that they searched the alphabetical indexes of the recorder of deeds.

Petitioners assert they did not have constructive notice of this action because the mortgage itself was not properly indexed. A parcel number search is not a complete title search. Also required, among other things, is a search in the Prothonotary's index. 42 Pa. C.S. §4302(a), provides:

(a) Real property. — Except as otherwise provided by stature or prescribed by general rule...every document affecting title to or any other interest in real property which is filed and indexed in the office of the clerk of the court of common pleas of the county where the real property is situated...shall be constructive notice to all persons of the filing and full contents of such document."[1]

By this statute, petitioners did have constructive notice of the mortgage and foreclosure action.

In addition to the lack of notice argument, petitioners' statement of errors assesrts that the court erred in relying on *Financial Freedom, SFC v. Cooper*, 21 A.3D 1229 (Pa. Super. 2011) rather than *M.J.M. Financial v. Burgess*, 111 Pa. Cmwlth. 301, 533 A.2d 1092 (1987). Petitioners, are incorrect. *Financial Freedom, SFC* is on point and

---

1. Under 42 Pa.C.S. §2736, the Prothonotary is the "clerk of the court of common pleas" for purposes of filing documents under §4302(a).

controls this case. There, the Superior Court affirmed an order denying the petition of a tax sale purchaser to intervene in a mortgage foreclosure action commenced before the tax sale. The following is language of the court is relevant to this case:

> "The right to intervene in an action is governed by Pa. R.C.P. 2327 which states that a person who has a recognized interest in the outcome of the litigation shall be permitted to intervene 'at any time during the pendency of an action.' In the instant case, appellant filed his petition to intervene after default judgment was entered in favor of appellee.

> To petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure. It is only *during the pendency* of an action that the court may allow intervention. Pa. R.C.P. 2327.

The court quoted *Blacks Law Dictionary* for when an action is pending, and concluded "where a court no longer has power to permit intervention because a matter has been finally adjudicated, a hearing on a petition to intervene would be pointless."

The appellant, petitioner to intervene, also claimed that he was an indispensable party and needed to be joined. The court stated:

> "As appellant acquired his interest during the course of the mortgage foreclosure proceedings, appellant was clearly not required to join him as a party. On this point, the law is well settled. '[O]nce a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by the decree *and need not*

*be joined.'" First Union Mortgage Corp. v. Frempong,* 744 A.2d 327, 336 (Pa. Super. 1994) (emphasis added).

It is perfectly well settled that encumbrance[r]s who become such *pendente lite* are not necessary parties to a bill to foreclose, although they are bound by the decree, for they can claim nothing except what belonged to the person under whom they assert title, since they have constructive notice; and there would be no end to such suits, if a mortgagor might by new encumbrances, created *pendente lite* require all such encumbrances to be made parties.

The court went on to state:

"In so holding, we note that it was the commencement of the mortgage foreclosure action by appellee that put appellant on constructive notice. Despite this notice, which we impute to appellant, he nonetheless purchased the property at the tax sale. This was his folly."

*M.J.M. Financial v. Burgess* did not involve a mortgage foreclosure action. It involved a petition to open judgment and to intervene by a tax sale purchaser. There, the guardian of an adjudicated incompetent whose property was sold at a tax sale, sought to set the sale aside because of improper notice. The tax claim bureau conceded inadequate notice and the court ordered that the sale be set aside on September 24, 1985. M.J.M. had purchased the property at the upset tax sale on September 9, 1985 and they filed a petition to open judgment and to intervene based upon lack of notice and failure to join the tax sale purchaser. On appeal the Commonwealth Court stated that a petition to intervene filed after entry of an adjudication is untimely, but noted that Rule 2327 does not address the

problem presented in that case where MJM alleged that it was unaware of the petition to set aside the sale until after the order setting aside the sale.

The court stated,

"A motion to intervene after entry of a decree should be denied except in extraordinary circumstances (citations omitted) and held 'that such extraordinary circumstances are present here, and hence that intervention should have been permitted.'"

As such, the court reversed and permitted M.J.M. to intervene in the tax sale litigation.

Based upon the foregoing, petitioners had constructive notice of the mortgage foreclosure; Rule 2327 does not permit intervention after final judgment has been entered; there are no extraordinary circumstances present to warrant intervention; and the *Financial Freedom* case mandates the denial of the emergency petition to intervene at issue here.