## Devereux Estate.

Argued November 27, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Paul Reilly,* for appellant.

*Maurice A. Hogeland* and *Charles D. Smeltzer,* with them *Louis Marcus,* for appellees.

*Norman W. Harker,* with him *Thomas McConnell, 3rd,* for Provident Trust Company of Philadelphia, Trustee.

OPINION BY MR. JUSTICE DREW, March 25, 1946:

These appeals by Laurel Hill Cemetery Company are from final decrees of the Orphans' Court of Philadelphia County, dismissing exceptions and confirming absolutely the adjudication of the learned Auditing Judge, who had awarded to the next of kin of John L. Devereux a substantial part of the accumulated unused income of trusts for the care of family lots in appellant's cemetery. The two estates involved, that of Annie E. Devereux and John L. Devereux, raise the same questions, for which reason they were heard and decided together. The exceptions were considered and dismissed by the entire court en banc.

At the audit of the account of The Provident Trust Company of Philadelphia, trustee, it petitioned the court for discharge and suggested the appointment of Laurel Hill Cemetery Company as substituted trustee. The court refused to discharge the Trust Company, it being of the opinion that such action "would be inimical to the best interests of the trust, and, we believe, contrary to the testators' intent." Appellant filed exceptions, which were dismissed, and the adjudication confirmed absolutely; hence these appeals.

A careful reading of the record convinces us that the Laurel Hill Cemetery Company has no standing before this Court as an appellant. It never properly

became a party to the proceeding in the court below. Mr. Reilly, attorney for the cemetery company, admitted to the court that the company had no standing unless it were appointed substituted trustee, and he objected to the notation in the adjudication of his appearance for the cemetery company "for the reason the said Laurel Hill Cemetery Company did not appear in its own right in anywise, but that the cemetery company appeared only as 'the proposed substituted trustee' ".

"The cemetery company, which is sole appellant, is not confronted by any decree and it has no legal right or interest in the proceeding. The petitioner in the court below for discharge and appointment of a substituted trustee was the accounting trustee, The Provident Trust Company of Philadelphia, which desired to retire from the trusteeship. None of the appellees made any objection to the retirement of the corporate trustee. Appellant's position was that it was willing to take the appointment as substituted trustee upon giving its own bond. The Orphans' Court did not see fit to discharge the trustee and appoint appellant. Judge BOLGER of the court below said: "It appears, therefore, that while the burial lot in question, whether single or as a part of a group in a cemetery, is the subject of testator's donation, it cannot in any sense of the word be regarded as a beneficiary; neither can the cemetery company, for its position is no higher because it is only the trustee's agent for caring for and preserving the lot. It follows necessarily that grave doubt is attached to the cemetery's right to appear as a party in interest in the instant case, although we accepted its argument—more from its position as a potential substituted trustee, than as possessing any beneficial interest."

As "potential substituted trustee", appellant seems to proceed on the theory that where a testamentary trustee wishes to resign and suggests a substituted trustee willing to serve and the Orphans' Court refuses to discharge the testamentary trustee, the proposed substitute

trustee has a grievance and a right to attack such refusal. The learned court refused to discharge the trustee and appoint appellant, as it had a perfect right to do. It gave excellent reasons for its action. Since objection is now made to the place the cemetery company has assumed, we feel we must say it is not a party in interest and had no right to appear in this proceeding or take these appeals. The refusal of the learned court to discharge the trustee made all questions raised by appellant academic.

We said in *Lansdowne Board of Adjustment's Appeal*, 313 Pa. 523, 525, 170 A. 867, quoting from 2 R.C.L. page 52 section 33: "'. . . And not only must a party desiring to appeal have a [direct] interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.'"

The cemetery company having no such interest, its appeals must be quashed.

Appeals quashed.