## Braig Estate

*Lloyd A. Good, Jr.,* for accountant.

*Frederick D. Duden, Jr., George S. Forde, Jr., James E. Gallagher, Jr., John F. Thaete, Walter B. Gibbons,* for legatees.

KLEIN, P. J., April 28, 1965.—Frank J. Braig died on August 1, 1964, unmarried and without issue, leaving a will which was admitted to probate on August 6, 1964, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

By his will the testator, after directing the payment of his debts and funeral expenses and the place and manner of his interment, bequeathed a number of pecuniary legacies, both directly and in trust, which appear to be correctly abstracted in the statement of proposed distribution and need not be recapitulated in this adjudication. The residue of his estate he devised and bequeathed to his brother, George Braig, absolutely and in fee, with further provisions should his said brother predecease him, not necessary to recite. A copy of the will, certified by counsel to be true and correct, is annexed hereto.

All parties in interest are living and are stated to have received notice of the audit.

By paragraph fourth of his will testator bequeathed to Our Lady of Grace Cemetery, Langhorne, Pa., the sum of $1,800 "to be held In Trust, and the income therefrom to be applied as follows:

"(a) To provide and place on the lot in which my wife, Mary Agnes Braig, and I are buried in said Cemetery, a floral spray of the approximate cost of Five ($5.00) Dollars each, on the following days in each and every year:

"Easter,

"Memorial Day,

"June 20th, (the anniversary of my wife's death),

"July 4th,

"September 6th (my wife's birthday),

"November 28th (our wedding anniversary), and on

"Christmas Day, an evergreen blanket of the approximate cost of Ten ($10.) Dollars.

" (b) To place a similar floral spray on the adjoining lot in which my brother, George Braig, is to be buried, on the following days in each and every year:

"Easter,

"Memorial Day,

"July 4th,

"August 20th (my brother's birthday), and on

"Christmas Day, a similar evergreen blanket."

Our Lady of Grace Cemetery is a small cemetery operated by Our Lady of Grace Roman Catholic Church in Bucks County, Pa. Provision has been made for the perpetual care of the two lots in question. Rev. Thomas J. Corrigan, the rector of the church, by letter addressed to the auditing judge, which is annexed to the record, refused to accept the legacy because of ". . . . the policy of the cemetery not to enter into any agreement of this nature, even with the living."

Counsel for the accountant therefore contends that the trust has failed and that the legacy should become part of the residuary estate.

Even if a trustee could be found who would be willing to act in this matter, it seems clear that the income which could be earned on a fund of $1,800, probably a maximum at an estimated 4 percent of $72 a year,

would not be sufficient to carry out the provisions of this trust, i.e., placing flowers and evergreen blankets on the lot in which he and his wife are buried and on the lot of his brother, the residuary legatee, who is still living, on 8 different occasions each year in perpetuity, a total cost of $70 a year, and also provide the costs of administering the trust.

It is well established that trusts for the perpetual care and maintenance of a family plot and the placing of flowers therein are valid. In Dreisbach Estate, 384 Pa. 535, 538, the Supreme Court in a per curiam opinion said:

"It is now well established that trusts for the maintenance and care of testators' burial lots and the maintenance of family burial lots are a matter of private personal concern and not of charity. (Estate of Anna M. Deaner, Deceased, 98 Pa. Superior Court 360, 364; 2 Bogart on Trusts, 377; 2 A.L.I. Restatement, Trusts, §374, comment h.)

"In the case before us, both sides admit that this is not a charitable trust and that there is no room for operation of the cy-pres doctrine. (Restatement, Trusts, §399; Essig's Estate, 167 Pa. Superior Ct. 66, and cases cited; Stephen's Estate, 129 Pa. Superior Ct. 396)."

For a scholarly discussion of the subject of honorary trusts, generally, and cemetery trusts, particularly, see the opinion of our colleague, Bolger, J., in Devereux's Estate, 48 D. & C. 491 (1943), appeal quashed in 353 Pa. 560.

The auditing judge concludes, however, that the trust created in the fourth paragraph of the will is impractical, impossible of performance and must be regarded as having failed in purpose.

Although there appears to be no legal obligation on the part of testator's brother, George Braig, the residuary legatee, to carry out the provisions of this trust,

the auditing judge is firmly of the opinion that he should make every effort to give effect to his brother's wishes. Accordingly, the legacy of $1,800 to Our Lady of Grace Cemetery will be awarded to George Braig, in trust, said trust to be honorary in nature and not binding in law, with the understanding that its enforcement will be entirely a matter of conscience with George Braig, even, perhaps, to the extent of finding some reasonable and practical way of perpetuating the service after his death. . .

Credit is taken in the account for payment of inheritance tax in the sum of $1,728.04, and the same was duly vouched.

And now, April 28, 1965, the account is confirmed nisi.