398 A.2d 656

**In re ESTATE OF Hazel C. VOLKHARDT, an alleged incompetent.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1978.

Decided March 14, 1979.

Jay D. Barsky, Barsky, Golden & Remick, John L. Jenkins, Philadelphia, for appellant.

Walter T. Darmopray, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

At issue in this appeal is the validity of a final decree of
the Orphans' Court Division of the Court of Common Pleas
of Philadelphia, adjudicating Hazel C. Volkhardt an incom-
petent under section 5511 of the Decedents, Estate and
Fiduciaries Code, 20 Pa.C.S. § 5511, and appointing Provi-
dent National Bank as guardian of her estate.

After three separate hearings, which extended over a
ten-month period, the Orphans' Court ordered the appoint-
ment of an impartial medical expert to examine the alleged
incompetent, to submit a written report, and to testify in
person regarding his examination and his opinion of Hazel
Volkhardt's mental competency. No further hearing was
held, and the final adjudication of incompetency was ordered
the day after the expert's written report was filed with the
court.

Appellant contends, inter alia, that she was denied due
process because the incompetency proceedings were contin-
ued over a two-year period without a judicial finding and
that the adjudication of incompetency was based on the
report of an expert not subject to cross-examination.

An examination of the record discloses the adjudi-
cation of incompetency was included in a decree nisi dated
January 24, 1978. No exceptions to this decree were en-
tered; hence, it became final after the fifteen-day period
allowed for the filing of exceptions. See Phila.O.C.Div. Rule
77.1(a). See also *Estate of Stanley*, 470 Pa. 483, 368 A.2d
1259 (1977). Additionally, none of the issues now raised by
appellant in this appeal have been preserved for appellate

review since no exceptions were entered to the court's decree of January 24, 1978.

Decree affirmed. Costs on Estate.

POMEROY, former J., did not participate in the decision of this case.