507 A.2d 418

**In the Matter of Abraham BROWN, An Alleged Incompetent.**

**Appeal of Julia Beall PASSYN, Esquire.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed April 1, 1986.

Julia Beall Passyn, Philadelphia, appellant, in propria persona.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

WICKERSHAM, Judge:

Julia Beall Passyn appeals from the order of court by which Abraham Brown was adjudged an incompetent and a guardian of his estate was appointed.

On January 25, 1983, appellant entered into a written agreement with Mr. Brown to assist him in handling his finances. During the term of the contract, appellant wrote out checks for Mr. Brown and invested over $12,000.00 of Mr. Brown's funds in certain mortgages. Sometime later Mr. Brown apparently grew dissatisfied with appellant's management of his financial affairs and requested that appellant turn over his assets. Appellant did not honor that request.

Subsequently, Mr. Brown, in an unusual circumstance, personally petitioned the court to adjudge him incompetent and to appoint a guardian of his estate. Appellant was not a party to the incompetency hearing but was subpoenaed to attend the September 21, 1984 hearing because she still held the assets of Mr. Brown. At that hearing, Mr. Brown was adjudged an incompetent and James P. McGarrity was appointed guardian of his estate by the Honorable Judith J. Jamison of the Orphan's Court Division of the Court of Common Pleas of Philadelphia County. Appellant files this timely appeal in which she raises four allegations of error relating to the incompetency proceeding for our consideration.[1]

1. Appellant states the issues to be as follows:
   MAJOR QUESTION
   Did the Lower Court err in adjudicating Mr. Abraham Brown an incompetent and appointing a guardian because there was not sufficient evidence presented,—when in fact the evidence was that Mr. Brown had been handling his own affairs quite well?
   RELATED QUESTION
   Did the Court err in not considering Mr. Brown's own testimony, testimony as to his handling of his affairs?
   MINOR QUESTIONS
   Was the Court so biased in favor of the Petitioner that the Court could not reach a decision other than that requested by the Petitioner?

At the threshold of our inquiry however, we must pause to determine whether appellant has the requisite standing to challenge Mr. Brown's adjudication as an incompetent. Initially we note that appellant as a nonrelative does not receive the benefit of standing conferred to those who would have been entitled to share in Mr. Brown's estate had he died intestate at the time of the incompetency hearing. Pursuant to 20 Pa.C.S. § 5511(a), only those persons who are sui juris and would be entitled to share in the alleged incompetent's estate are required to be notified of impending incompetency proceedings. It follows that the class of individuals entitled to challenge the adjudication should be limited to these same intestate heirs and the alleged incompetent himself.

While we are aware of no appellate authority directly on point, we are persuaded of the logic of this position by the lower court's opinion in *Reidenbach's Estate*, 30 Pa.Fiduc. 347, 15 D. & C.3d 350 (O.C.Allegheny 1980). In *Reidenbach's Estate*, the court held that an incompetent's nephew, who was not an intestate heir, was neither entitled to notice of any proceeding before the court involving the incompetent, nor able to file objections, since the incompetent's sole heir under the intestacy law was the incompetent's spouse. *Id.* at 350, 15 D. & C.3d at 353.

In the instant case, appellant's relationship with Mr. Brown is far more tenuous than that of the blood relative in *Reidenbach's Estate*. It is clear that she, as a nonrelative, could not ever possess an interest as an intestate heir and was not entitled to be notified of Mr. Brown's incompetency adjudication, nor able to file objections below. Mr. Brown's sole heir under the intestacy law was his adopted daughter, Maxine Brown. It was therefore Maxine Brown and not appellant who possessed the protectable interest below. *See id.* It is similarly now only Miss Brown or Mr. Brown himself who has standing to challenge the adjudication.

Did the Petitioner's relationship with the daughter Maxine Brown so taint his relationship with Mr. Brown that he should not have been the Petitioner/Attorney and Proposed Guardian?
Brief for Appellant at 2.

Appellant's position as former attorney-in-fact for Mr. Brown does not confer standing to object to this adjudication on appeal where appellant had no standing to object to the proceeding below under the Probate Code. We therefore conclude that appellant has no special statutory right to appeal.

Thus her right to appeal, if any, is confined to that provided to parties under the general rule:

> "Except where the right of appeal is enlarged by statute, any *party* who is aggrieved by an appealable order ... may appeal therefrom." Pa.R.A.P. 501 (emphasis added). Accordingly, an appeal by one who was not a party to a proceeding in the trial court must be quashed. *Mechanics National Bank v. Buchman*, 253 Pa. 245, 97 A. 1056 (1916); *In re Devereux's Estate*, 353 Pa. 560, 46 A.2d 168 (1946) (no standing to appeal because appellant never properly became a party to the proceeding in trial court). The Appellate Rules do not define the term "party." However, the note following the definitional rule, Pa.R.A.P. 102, states that that rule is based on 42 Pa.C.S. § 102, which defines "party" as "a person who commences or against whom relief is sought. in a matter...."

*Newberg by Newberg v. Board of Public Education*, 330 Pa.Super. 65, 68–69, 478 A.2d 1352, 1354 (1984).

In this case, while appellant would style herself as a party to the case at the request of Mr. Brown's attorney, *see Statement of the Case*, Brief for Appellant at 3, this is not a fact reflected in the record. Appellant's participation in the proceeding below was limited to giving testimony at the incompetency hearing. This role as a witness did not make her a party to the action or otherwise establish a right to review. *See Appeal of Greco*, 434 Pa. 431, 254 A.2d 6 (1969) (appearing as a witness is not the participation necessary to establish a right to review). Thus, appellant's appeal is one without standing and should be quashed. *See Newberg by Newberg v. Board of Public Education, supra.*

Additionally, we note that even if appellant could successfully hurdle the standing barrier, waiver would defeat the instant appeal. *See In re Estate of Volkhardt,* 484 Pa. 52, 398 A.2d 656 (1979). Further examination of the record discloses that no exceptions to the decree nisi were filed; hence, it became final after the period allowed for the filing of exceptions. *See* Phila.O.C.Div.Rule 77.1(a). No exceptions being filed below, none of the issues now raised by appellant in the instant appeal have been preserved for our review. *In re Estate of Volkhardt, supra.*

The appeal is quashed.