J-S29002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF ANNE V. BALLINGER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: BERNARD J. WEISSER | No. 2620 EDA 2016 |

Appeal from the Decree July 19, 2016
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): O.C. 545 AP of 2013

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED May 19, 2017**

Bernard J. Weisser appeals from the decree entered in the Court of Common Pleas of Philadelphia County, Orphans' Court Division, denying his petition to set aside a settlement agreement. Upon review, we affirm on the basis of the opinion authored by the Honorable Matthew D. Carrafiello.

Anne V. Ballinger ("Decedent") died on February 19, 2013, leaving a will dated February 16, 2013, in which she named Steven Haus as sole beneficiary and executor. Letters testamentary were issued to Haus upon the will's admission to probate on March 8, 2013. Subsequent thereto, a will contest was initiated on behalf of the Decedent's intestate heirs, seven cousins, of which Weisser is one. Weisser, who was represented by separate counsel, sent a letter to counsel for the contestants, with a copy to the

_____

[*] Former Justice specially assigned to the Superior Court.

court, stating his intention not to participate in the will contest litigation. In the same letter, he purportedly reserved his rights as an intestate heir and potential administrator in the event the court invalidated the will.

After certain pre-trial proceedings which are not relevant to the disposition of this matter, the parties reached a settlement of the will contest. Pursuant to the terms of the agreement, the will was to remain in effect, Haus would remain in office as executor, and Haus would share the proceeds of the estate with the contestants. On September 4, 2015, the parties filed a joint petition to approve the settlement agreement, which was approved by decree of the court dated October 15, 2015. Because Weisser was not a party to the litigation, the court did not order that Weisser be given notice of the settlement.

On July 13, 2016, nine months after the settlement was approved by the court, Weisser filed a petition to set aside the settlement agreement. The jurisdictional basis Weisser cited for this petition was 20 Pa.C.S.A. § 3521, which provides as follows:

> If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, That no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report, findings of fact and of law

as to the entire controversy, in pursuance of which a final order may be made.

20 Pa.C.S.A. § 3521.

In his petition, Weisser averred that "[t]he parties entering into the Settlement Agreement were well aware of [Weisser's] status as an intestate heir entitled to share in Decedent's estate in the event Decedent's Will was invalidated. The fact that the Will was not invalidated because a settlement agreement was reached prior to a decision on the 2013 [will contest] deprived [Weisser] of his right to have notice of such negotiations and an opportunity to protect his interest." Petition to Set Aside Settlement Agreement, 7/13/16, at ¶ 16. Accordingly, he requested that the court set aside its decree approving the settlement and permit him to assert his intestate rights.

The court denied Weisser's petition without a hearing on the basis that Weisser lacked standing to pursue the relief requested. This timely appeal follows, in which Weisser raises the following claims for our review:

1. Should the [Orphans'] Court have required that notice of the [p]etition to [a]pprove [s]ettlement [a]greement be served on all interested parties before approving same?

2. Did [] Weisser have standing to request the [s]ettlement [a]greement be set aside after proper notice of the agreement was never given to him?

Brief of Appellant, at 4.

We begin by noting that a petition to strike a settlement and reopen a case is addressed to the discretion of the trial court, whose decision will not

be reversed absent an abuse of that discretion. ***Yarnall v. Yorkshire Worsted Mills***, 87 A.2d 192, 194 (Pa. 1952). "[A] settlement is a contract which may be attacked only for want of consideration or authority or on the usual equitable grounds." ***Baumgartner v. Whinney***, 39 A.2d 738, 739–40 (Pa. Super. 1944).

Here, the Orphans' Court properly held that Weisser lacked standing to challenge the settlement of an action in which he chose not to participate and as a result of which he was not aggrieved. ***See*** Orphans' Court Opinion, 11/9/16, at 6-8. The court also properly concluded that it lacked jurisdiction to grant relief pursuant to section 3521 under the circumstances present in this matter, as there has been no account, auditor's report, adjudication, or decree of distribution filed. ***See id.*** at 5-6. Finally, the court correctly concluded that Weisser was not entitled to notice of the settlement agreement, as he was not a party to the action, was not aggrieved by the terms of the settlement, and, therefore, lacked standing to contest the settlement. ***See id.*** at 9-11.

In light of the foregoing, and upon consideration of the briefs, the relevant law, and the record in this matter, we conclude that Judge Carrafiello's excellent opinion thoroughly, comprehensively and correctly disposes of the issues Weisser raises on appeal. Accordingly, we affirm based on the opinion of the Orphans' Court. Counsel is directed to attach a copy of that opinion in the event of further proceedings in this matter.

Decree affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2017

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
ORPHANS' COURT DIVISION

O.C. No. 545 AP of 2013

Control No. 162477



Anne V Ballinger, Appeal From Register

20130054502077

The Estate of ANNE V. BALLINGER, Deceased

## OPINION SUR APPEAL

Bernard J. Weisser (hereinafter referred to as "Appellant") appeals the Trial Court's Decree dated July 19, 2016, which dismissed, for lack of standing, his Petition to Set Aside a Settlement Agreement.

### Factual and Procedural History

Ann V. Ballinger ("Decedent") died testate on February 19, 2013, a resident of Philadelphia County and a widow. Her Will dated February 16, 2013 (the "Will"), by which she left her entire estate to Steven Haus, was admitted to probate on March 8, 2013, and letters testamentary were issued to Steven Haus (hereinafter referred to as the "Executor"). After this, the procedural history becomes convoluted.

On April 30, 2013, Jerome Zaleski, Esq., (hereinafter referred to as "Attorney Zaleski"), on behalf of the putative heirs of the Decedent, filed a Notice of Appeal from probate, together with a Petition for Citation sur Appeal. On June 6, 2013, a citation was awarded directed to the Executor to show cause why the appeal should not be sustained, and the appeal was placed on the Court's list for August 5, 2013 in accordance with Phila. Div. O.C. Rule 10.2.C, in effect at that time. Preliminary

1

Objections to the Petition were filed by the Executor on July 17, 2013 alleging lack of standing of Attorney Zaleski and seeking dismissal with prejudice. A Rule to Show Cause Hearing was scheduled for August 5, 2013 and cancelled by Decree dated August 1, 2013, the Court ordering that the Preliminary Objections be determined upon submissions. The appeal was called on the August 5, 2013, call of the list, and no one appeared. The Answer to the Preliminary Objections, filed on August 7, 2013, stated that Attorney Zaleski was the legal representative for the Decedent's first cousin, William G. Weisser.[1]

By Decree dated August 19, 2013, the Court ruled that Attorney Zaleski show cause why any actual party in interest, such as an intestate heir, should not be substituted. It was determined that the Decedent was survived by seven adult cousins: William G. Weisser, Dolores Charles, James B. Charles, Norman J. Charles, Dolores Vozella, Mary Ellen Cramer, and Appellant herein.

Appellant, by letter dated September 9, 2013, directed, through his counsel, Michael S. Grab, Esq., that he did not "wish to participate as a Petitioner in the above captioned [probate] appeal," but that he reserved any rights he might have had if the appeal resulted in an intestacy, both as an intestate heir and as a possible co-administrator.[2] This letter was addressed to Clayton Thomas, Jr., Esq., counsel for William G. Weisser, with a copy to the chambers of the undersigned Judge, and a copy to Appellant. The letter contained the Orphans' Court file number, it admitted receipt of correspondence from Attorney Thomas, and acknowledged that Attorney

---

[1] By a Suggestion of Death filed during the pendency of the instant Appeal on September 20, 2016, the Trial Court was informed that William G. Weisser had died on June 18, 2016. By Praecipe filed the same day, Norman Charles, another of Decedent's first cousins and party to the settlement agreement, was offered as a substitute party. However, having already relinquished jurisdiction in favor of this Honorable Superior Court, the Trial Court cannot now approve or disapprove the proposed substitution.

[2] *See* Exhibit "A" to the Petition to Approve Settlement, filed September 4, 2015.

2

Thomas was representing the remaining six (6) first cousins' interests. Attorney Grab indicated that he represented Appellant, however, he never filed any entry of appearance or participated in this matter until the filing of the instant appeal.

An off-the-record conference with counsel of record was scheduled and held on October 16, 2013. By Stipulation executed by counsel for all parties, filed of record on October 18, 2013, and approved by the Court on October 23, 2013, Attorney Zaleski was removed as petitioner in the will contest and William G. Weisser was substituted in as petitioner.

The will contest case proceeded with the Executor filing his Answer with New Matter to which William G. Weisser filed Preliminary Objections with the same being overruled by Decree dated July 21, 2014, and William G. Weisser's Reply to New Matter was filed on August 8, 2014.

An unrelated petition was filed by William G. Weisser to compel the Executor to file an account, which was subsequently withdrawn.

Pre-trial scheduling deadlines were established by Decree dated October 8, 2014 following an off-the-record conference, and were subsequently extended by Decree dated April 1, 2015.

Prior to the October 28, 2015 deadline for filing the mandated joint pre-trial status report, William G. Weisser and Executor, on September 4, 2015, jointly filed a Petition to Approve a Settlement Agreement which would resolve the will contest. Attached as exhibits to this petition were copies of the settlement executed by all parties to the will contest, and the letter of September 9, 2013 from Appellant's counsel. The settlement was approved by Decree dated October 15, 2015.

The terms of the settlement between the Executor, William G. Weisser and the other five cousins, the Estate of Dolores Charles, James B. Charles, Norman J.

3

Charles, Dolores Vozella, and Mary Ellen Cramer, provided that the Will would remain in full force and effect, the Executor would remain as executor, and the proceeds of the estate would be divided between them.

As such, the Will has remained in effect at all times relevant to this matter.

Nine months after the Court approved the settlement, Appellant filed his Petition to Set Aside the Settlement Agreement on July 13, 2016, asserting that he had been deprived of the opportunity to preserve his intestate right to Decedent's estate. The Petition was dismissed by the Trial Court on July 19, 2016 for lack of standing.

Appellant timely filed the instant Appeal.

## Issues

The issues presented in Appellant's Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P 1925(b), have been restated so as to facilitate a more comprehensive and orderly discussion. These, together with a related issue which the Trial Court raises *sua sponte*, are as follows:

1. Did Appellant's Petition to Set Aside Settlement Agreement request relief that the Trial Court was empowered to grant?
2. Did the Trial Court err by dismissing said Petition for lack of standing?
3. Did the Trial Court err by not ordering a citation or a rule be issued scheduling a hearing before dismissing said Petition?
4. Did the Trial Court err by approving the settlement agreement without providing or requiring notice to Appellant?

4

## Discussion

1. The Trial Court properly dismissed Appellant's Petition to Set Aside Settlement Agreement because said Petition requested relief that could not be granted under the statute cited and the facts alleged.

Appellant's Petition to Set Aside Settlement Agreement ("Petition") was filed in reliance on and "pursuant to 20 Pa. C.S. § 3521" in requesting that the settlement agreement be set aside. However, § 3521 is not applicable to the issues or operative facts of this situation, nor has Appellant offered any other justification for the relief requested either in statute or case law.

Section 3521 permits "any party in interest" to petition the court to review "any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution" by alleging particular errors. Since this matter concerns a probate appeal, there was no account filed, let alone an auditor's report, adjudication, or decree of distribution, § 3521 does not apply and it would have been impossible for the Trial Court to grant relief thereunder, even if Appellant had standing. Significantly, Appellant has suggested no other basis for the requested relief.

A more careful review of our Probate, Estates, and Fiduciaries Code would have revealed to Appellant and his counsel that Chapter 35, of which § 3521 is a part, deals exclusively with accounts and distributions arising therefrom. The Code's liberality in permitting review of distributions does not extend to matters involving probate and will contests, since issues of distribution are distinct from the issues in will contests.

Obviously, Appellant has found reliance on this section convenient as it permits him to sidestep the problematic fact that he never participated in the will contest despite having notice of it. However, this is not the appropriate section since

5

the Court has not audited this estate nor issued an adjudication. Therefore, Appellant is entitled to no relief under section 3521.

Appellant has alleged no other authority which under the circumstances presented here would afford him relief.

2. <u>The Trial Court properly dismissed the Petition for lack of standing.</u>

A party who is not aggrieved by an action has no legal standing to challenge it. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192 (1975). For a party to be aggrieved, they must have a negatively affected interest in the outcome that is "substantial" and "direct." *Id.* at 202. "Substantial" "simply means that the individual's interest must have substance—there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *Id.* at 195. "Direct" "simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." *Id.* (citing *Devereux Estate*, 353 Pa. 560 (1946)).

In the matter at hand, Appellant indicated by a letter dated September 9, 2013, from his counsel to Clayton Thomas, Jr., Esq., counsel for William G. Weisser, that he did not wish to participate in the will contest, and indicated that he would assert his rights as an intestate heir and putative co-administrator if the Will were invalidated, resulting in intestacy.[3] Indeed, had the Will been invalidated or withdrawn from probate, and no other document probated in its place, Appellant would be entitled to an intestate share as a first cousin of the decedent. *See* 20 Pa.C.S. § 2103(5). However, since he chose not to participate in the probate appeal, Appellant was not a necessary party to the settlement agreement dated August 17, 2015, between Mr. Haus, the executor and proponent of the Will, and the

---

[3] Exhibit "A" to the Petition to Approve Settlement, filed September 4, 2015.

participating cousins, namely: William G. Weisser, the Estate of Dolores Charles, James B. Charles, Norman J. Charles, Dolores Vozella, and Mary Ellen Cramer, which did not result in intestacy.

Pursuant to the terms of this settlement, the "Will shall remain as probated, and the terms of the Will shall remain unchanged and shall be carried out by Steven Haus in his capacity as Executor of Decedent's Estate."[4] The Will remained in full force and effect at all times because the probate appeal brought by the participating cousins in the name of William G. Weisser, in which Appellant declined to participate, was to be marked as "withdrawn with prejudice" before it was considered on the merits. Thus, there was no "discernable adverse effect" to any interest of Appellant because he had nothing to gain or lose by the approval of the settlement due to the lack of intestacy, and there was no causation because no harm could be proved.

The substance of the settlement at issue is that the sole beneficiary of the duly probated Will assigned some of his rights as beneficiary to the parties contesting the Will, in consideration of their agreement to withdraw their will contest, with prejudice. Thus, since Appellant, by his own knowledgeable decision, chose not to participate in the litigation, he had no standing to petition the Trial Court to "set aside" the settlement agreement.

Appellant failed to establish and/or maintain standing by not appearing in the will contest action of which he had actual knowledge as indicated by his letter, which had he done, he would have become a party and therefore be entitled to pursue his interests as he thought best. However, he never filed or responded to any pleadings, he did not participate of record, nor otherwise enter his appearance *pro se* or through

---

[4] Exhibit "B" to the Petition to Approve Settlement, filed September 4, 2015, p.4.

7

counsel. Instead, he chose to write a letter, upon which he granted himself certain contingent rights which are not recognized by law and were never confirmed by the Court.

While it is astounding that an otherwise articulate individual would think that he could unilaterally dictate rights he wishes to enjoy, it is even more troubling that this was done with the aid of an attorney.

In any case, the letter in question conferred upon him no standing whatsoever; his standing would have flowed from his right, as an intestate heir, to contest the Will. If he chose not to participate in the will contest initiated by Attorney Zaleski and continued by William G. Weisser, he could have preserved his rights by filing his own timely probate appeal. Without any excuse given here, he failed to do either. Therefore, he had no standing to object to the settlement agreement.

3. <u>Appellant does not have standing to question whether the Trial Court improperly failed to issue a citation or schedule a hearing when dismissing the Petition for lack of standing, and the Trial Court acted properly in not doing so.</u>

A citation may issue "upon application of any party in interest." 20 Pa.C.S. § 764.

Since no party requested a Citation be issued, the Trial Court properly did not issue one. While the Trial Court may schedule a hearing to resolve a question of fact upon request of a party in interest, Appellant lacked standing as a party in interest, so any such request for a citation or a hearing from Appellant could not be granted.

Whether the Court acted properly or not is a question that Appellant has no standing to raise. As previously discussed, his failure to take adequate action to preserve his rights as an intestate heir has now deprived him of the right to question

8

the propriety of the manner in which those that do have standing have resolved the dispute.

4. <u>The Trial Court properly approved the settlement agreement without requiring notice to Appellant, as is alleged, pursuant to 20 Pa.C.S. § 3323(a), 20 Pa.C.S. § 3503, and Pa. O.C. Rule 6.3 (2015),[5] none of which are applicable, and Appellant waived any other right to notice that he may have had.</u>

Section 3323 of the Probate, Estates, and Fiduciaries Code which governs compromise of estate controversies, provides in relevant part that the court may authorize a settlement of "any claim, whether in suit or not, by or against an estate," or "any question or dispute concerning the validity or construction of any governing instrument," "<u>after such notice as the court shall direct</u>." 20 Pa.C.S. § 3323(a) (emphasis added).

As explained previously, because Appellant willfully and intelligently chose not to be a party in the probate appeal, he had no cognizable interest in the agreement between the Will proponent and the Will contestants that did not result in intestacy. Therefore, Appellant had no standing to contest the Trial Court's approval of the settlement. For the same reasons, the Trial Court did not require notice to Appellant of the petition to approve the settlement or of its Decree dated October 15, 2015. Because he lacked standing to contest the petition or Decree, he was not entitled to notice, and therefore the Trial Court acted without error.

Appellant incorrectly places further reliance on inappropriate statutory provisions and Orphans' Court Rules. Specifically relied upon are 20 Pa.C.S. § 3503 (which falls under Chapter 35 of the Probate, Estates, and Fiduciaries Code:

---

[5] New Supreme Court Orphans' Court rules came into effect September 1, 2016, but all decrees at issue in the instant Appeal are governed by the prior rules.

9

Accounts and Distribution) and former O.C. Rule 6.3 (a subsection of Rule 6: Accounts and Distribution)—all of which pertain strictly to notice of the filing and adjudication of accounts. They provide, in relevant part: "[t]he personal representative shall give written notice of the filing of his account and of its call for audit or confirmation," (20 Pa.C.S. § 3503) and "[n]o account shall be confirmed unless the accountant has given written notice of the filing of the account and the call thereof for audit or confirmation." (former O.C. Rule 6.3).

There was no account ever filed, so neither provision can afford any relief. Appellant's Pa.R.A.P 1925(b) Statement inexplicably indicates that the Trial Court's Decree dated October 15, 2015, "include[ed] an Informal Second and Interim Account."[6] There was no such account associated with that Decree, nor the settlement agreement which it approved. The settlement agreement recites that an informal account was prepared by Executor, but neither the Trial Court's Decree nor the settlement agreement purports to confirm it, and it was never filed of record or otherwise put before the Court. Any such informal account was just that—informal, and confers no rights on Appellant.

Finally, Appellant affirmatively waived any right he may have had to notice, whether or not he might otherwise have been entitled to it by a particular statute or rule. "A waiver in law is the act of intentionally relinquishing or abandoning some known right, claim or privilege. To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it." *Brown v. City of Pittsburgh*, 409 Pa. 357, 360, (1962) (citations omitted) (citing *Bell's Estate*, 139 Pa. Super. 11, (1940)).

---

[6] Appellant's Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P 1925(b), sections (c)-(e).

Appellant's letter dated September 9, 2013, functioned as an express waiver of any right he may have had to notice of further proceedings in the will contest. The letter states that "Mr. [Bernard J.] Weisser does not, at this time, wish to participate as a Petitioner in the above captioned [probate] appeal." This language, which was both bolded and italicized in Appellant's letter, is clear, unequivocal, and decisive. It clearly indicates what rights he wished to surrender (his participation in the will contest) and displayed a clear purpose to do so. Appellant qualified his statement with "at this time," indicating that he might have changed his mind, but he never exhibited any sign of doing so and remained silent throughout the litigation. The fact that he never participated in the will contest by filing or responding to any pleadings or appearing at any hearings supports the conclusion that he never intended to do so.

Appellant's intent is further illuminated by the rights that he does attempt to affirmatively reserve in the letter dated September 9, 2013, which all flow from intestacy. He staked his claim on that outcome, and all parties proceeded accordingly. Thus, it would be inequitable to allow Appellant to retroactively change his position now, three years later, after the matter has been disposed.

As discussed hereinbefore, there was no account filed. Further, Appellant clearly had actual knowledge of the probate appeal, as indicated by his letter dated September 9, 2013, which shows that he was aware of the proceedings but chose not to participate. Finally, said letter was a clear and express waiver of Appellant's participation in the litigation and right to receive notice of further proceedings. Therefore, not only are § 3503 and former O.C. Rule 6.3 not apposite to this case because there was no account, Appellant was not prejudiced or aggrieved because he had actual knowledge of the proceedings, and he expressly waived any other right he may have had to further notice. Therefore, this Appeal should be denied.

11

## Conclusion

The appeal of the Trial Court's Decree dismissing Appellant's Petition was based upon some very basic misunderstandings concerning Pennsylvania's Probate, Estates, and Fiduciaries Code. Not only Appellant, but those that represented him, have failed to fully comprehend the legal efficacy of the initial letter stating that Appellant would not participate in the will contest absent certain conditions. Even if those conditions did subsequently occur, the Trial Court has never been apprised of any statute or case law that would confer standing as a result, without Appellant actually participating in the will contest itself. The Trial Court's own analysis indicates that there is no such authority.

It is a basic concept of our jurisprudence that one may be heard in matters in which one has an interest. It is equally basic that one may refuse to participate when, upon review of all circumstances, it appears that participation is not in one's best interest. Here, Appellant attempts to "have his cake and eat it too," which is unacceptable and unfair to the other parties. The operative, controlling fact is that he willfully and knowingly failed to either enter his appearance or participate in the will contest regarding the will in which he had a putative interest.

It should also be noted that even though he did not participate in the contest, he did have the right to file his own probate appeal. Rather than doing so, he chose to let the statute of limitations found in 20 Pa.C.S. § 908 run, thereby barring him from the ultimate relief he now seeks. It is as if Appellant were waiting for a train, let it leave the station without him, and now complains that he did not reach the destination with the other passengers who, except for him, have all suffered the risk, expense, and rigors of the journey. This he cannot do.

12

Even though lay persons may have difficulty reading and interpreting statutes, they are bound by the oft quoted principle that "ignorance of the law is no defense." If it is no defense for non-lawyers, then it certainly is not a defense for lawyers. Unlike many statutes which may contain confusing and unfamiliar language, our Probate, Estates, and Fiduciaries Code is orderly, precise, and clear. We note that nowhere in the matter before the Court did Appellant or his counsel raise any issues concerning the Code's probate provisions, rather he uses as authority sections pertaining solely to accounts and distributions.

Unfortunately, Appellant cannot confound the scheme of estate administration as set forth by the laws of our Commonwealth by raising an issue that has been foreclosed because he willingly failed to timely pursue it.

Therefore, it is respectfully submitted that the Trial Court dismissed the Petition in question as required by our laws, and consequently this Appeal should be denied.

CARRAFIELLO, A.J.

Dated: _November 9, 2016_

Clayton H. Thomas, Jr., Esq.

Timothy J. Holman, Esq.

Michael S. Grab, Esq.

13