J-S02018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: G.A.T., AN ALLEGED INCAPACITATED PERSON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: E.D.T. AND T.T. A MINOR | : : : : : : | |
| | : | No. 146 EDA 2023 |

Appeal from the Order Entered December 6, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
1516-0786

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                **FILED MARCH 11, 2024**

E.D.T. and T.T., a minor (collectively, Appellants), appeal from the orphans' court's order (a) granting the petition for allowance of counsel fees filed by Diane M. Cloud (Cloud) and Donald K. Kohler, Esquire (Attorney Kohler) (collectively, Petitioners); and (b) denying Appellants' opposition to the petition (Opposition), in this action involving the guardianship estate ("the estate" or "G.'s estate") of G.A.T. (G.).  We quash the appeal based on Appellants' lack of standing.

The orphans' court summarized the relevant history underlying this appeal:

> [Cloud] is Guardian of [G.'s estate] pursuant to the order entered September 27, 2016[,] by the Honorable John L. Hall.[FN1] [Attorney Kohler] is [Cloud's] attorney.  On July 15, 2022,

_____

* Former Justice specially assigned to the Superior Court.

Petitioners filed their Petition for the Allowance of Attorneys' Fees alleging that the [e]state's current and outstanding obligations have been paid and that the balance of the two (2) accounts in the [e]state totals $859,725.01. Petition, 7/15/2022, 11-12. Petitioners sought from the [e]state legal fees and costs totaling $23,621.00 for the period from October 20, 2020[,] to June 28, 2022.[FN2] Petition, 7/15/2022, 14.

---

[FN1] **Ms. Cloud is not guardian of [G.'s] person. [G.] was not adjudicated to be incapacitated as to his person, only as to his estate.**

[FN2] [Attorney] Kohler billed 76.60 hours at first at $300.00 per hour[,] and then at $375.00 per hour[,] for a total of $23,317.50[.] [Attorney] Kohler claimed costs of $275.00. Petition, 7/15/2022, Exhibit A. *See also* Affidavit, 12/5/2022, ¶ 4 ([Attorney] Kohler's hourly rate increased from $300 per hour to $375 per hour effective January 1, 2022).

---

[On July 21, 2022, the orphans' court issued a rule to show cause why relief on the petition should not be granted.] On August 17, 2022, [Appellants] filed their Opposition …. [Appellants] are the sons of Jerry [T.,] who is [G.'s] brother[,] and thus [Appellants] are [G.'s] nephews. [Appellants] asked [the orphans'] court to deny the Petition in its entirety because "[Attorney] Kohler represents Cloud personally and not [G.]" Opposition, 8/17/2022. *See also* Opposition, 8/17/22, ¶¶ 48-49 ("[Attorney] Kohler's fee arrangement has the inherent risk of dividing [Attorney] Kohler's loyalty between the guardian and the ward who will pay for the services."); p. 62 ("[Attorney] Kohler's fee petition should be disallowed on the ground that [Attorney] Kohler opposes the ward's interest."). [Appellants] alleged three (3) instances where that alleged conflict-of-interest became manifest: (1) [Attorney] Kohler filed for [] Cloud a petition for permission to transfer funds after the funds were already transferred; (2) [Attorney] Kohler on behalf of [] Cloud opposed filing a bond; and (3) [Attorney] Kohler filed for [] Cloud a petition for permission to make her daughter a beneficiary of accounts owned by the [e]state.

Orphans' Court Opinion, 3/20/23, at 1-2 (emphasis added, some footnotes omitted).

On August 17, 2022, the orphans' court entered an interim order authorizing Cloud, as G.'s guardian, to pay expenses and certain debt on G.'s behalf. Orphans' Court Order, 8/17/22. The court additionally scheduled a review hearing for December 6, 2022. That same day, Petitioners filed a response to Appellants' Opposition, claiming Appellants lack standing to oppose the petition. Response, 8/17/22, at 2-3 (unnumbered).

The orphans' court described what next transpired:

> On December 1, 2022, Petitioners filed a second Petition for the Allowance of Attorneys' Fees which updated the one filed July 15, 2022. Petitioners requested an additional $7,872.50 for [Attorney] Kohler's legal services and costs from July 1, 2022 to December 5, 2022.[FN4]
>
> ---
>
> [FN4] Mr. Kohler billed 20.62 hours at $375 per hour for a total of $7,732.50 and Mr. Kohler claimed costs of $140.00. Petition, 12/1/2022, Exhibit A.
>
> ---
>
> On December 6, 2022, [the orphans'] court held a hearing on the Petitions and the Opposition and entered the order presently under appeal. That order did two (2) things. First, it dismissed the Opposition filed by [Appellants] on August 17, 2022 "for lack of standing and in the alternative pursuant to the doctrine of *res judicata*." Order, 12/6/2022, p. 1. Second, it granted [Petitioners] relief and authorized the [e]state to "compensate [Attorney Kohler] for reasonable counsel fees and costs in the amount of $31,465.00." Order, 12/6/2022, p. 1.

Orphans' Court Opinion, 3/20/23, at 1-2 (some footnotes omitted).[1]

Appellants timely appealed. The orphans' court did not order Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, the court filed an opinion on March 20, 2023.

Appellants, G.'s nephews, present the following issues for our review:

1. Did [Appellants petitioning] for guardianship review have standing to raise the issue of opposing counsel's conflicting interests?

2. Did the [orphans'] court sufficiently protect an incapacitated ward from self-dealing fiduciaries?

3. Where an attorney in a prior representation learned of a former client's incapacity, and the attorney reappeared in the same case but representing a different person, and the attorney filed substantially related petitions to transfer the estate of the incapacitated person to a third person, did the [orphans'] court misread the law or abuse its discretion by approving the attorney's representation of conflicting interests and granting fees from the [e]state of the incapacitated person whom the attorney did not represent?

4. Did the [orphans'] court commit an error of law or an abuse of discretion by approving a fee arrangement whereby the incapacitated ward paid for the legal services intended to benefit only the guardian personally at the expense of the ward?

_____

[1] The orphans' court conducted a review hearing on March 15, 2023. At that time, with G.'s express consent, the court appointed Kristen Matthews, Esquire, as co-trustee of G.'s estate. N.T., 3/15/23, at 4. The orphans' court directed Attorney Matthews to review the estate's financial plan and make certain the plan "will preserve the most assets for [G.]" *Id.* at 39. The orphans' court further directed Attorney Matthews to review prior filings for an accounting of the estate's assets. *Id.* An appeal of that order is pending before this Court at 962 EDA 2023.

5. Did the [orphans'] court commit an error of law or an abuse of discretion by granting fees for futile petitions to incur unnecessary taxes, and to transfer the legacy of an incapacitated ward into an account for the benefit of the guardian's family member?

Appellants' Brief at 16-17 (issues renumbered).

Appellants first challenge the orphans' court's determination that they lacked standing to oppose the petition for attorneys' fees. *Id.* at 44. Appellants claim standing by virtue of their status as beneficiaries of a will filed by G.'s deceased mother, Marion T. (Marion). *Id.* at 46. They argue,

> [t]he Will of [Marion] gave to [G.] and [Appellants] 25% interests in her residuary estate. [G.] and [Appellants] shared identical 25% interests. If [Appellants] could cooperate with [G.], they would strengthen their case [involving Marion's estate].

*Id.* Appellants claim that 20 Pa.C.S.A. § 5512.2(a) vests them, as interested parties, with standing to petition for guardianship review. *Id.* at 48.

Petitioners dispute Appellants' claim of standing. Appellees' Brief at 14. They acknowledge Section 5512.2(a) grants the authority to conduct a review hearing upon the petition of an "interested" party. *Id.* Petitioners argue that to have standing, Appellants' interest must be "real and concrete." *Id.* According to Petitioners, Appellants "have no such interest in this matter." *Id.*

"Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." *Johnson v. Am. Std.*, 8 A.3d 318, 326 (Pa. 2010).

In Pennsylvania,

the doctrine of standing ... is a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been aggrieved. ... A party is aggrieved for purposes of establishing standing when the party has a substantial, direct[,] and immediate interest in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

*Commonwealth v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014) (citations and quotation marks omitted).

In its opinion, the orphans' court addressed and rejected Appellants' claim of standing in the underlying proceedings:

Here, [Appellants] advanced three (3) grounds why they had standing to oppose the Petition for Allowance of Attorneys' Fees.[FN] First, they argued they have the right, the same as any interested person, to file a petition seeking a review hearing pursuant to 20 Pa.C.S. [§] 5512.2[,] which means they have standing to oppose a petition for attorneys' fees since "[a] petition for guardianship review and opposition to [a guardian's] petitions are inextricably entwined." Motion, 2/2/2022, 59. *See also* Motion, 2/2/2022, 58 (citing *In re: Mark A Howard, an Incapacitated Person*, 1428 MDA 2016 (Pa. Super. 2017)).

---

[FN] [Appellants] set forth their grounds for standing in their Motion to Dismiss the Second Amended Petition to Utilize the Funds at Vanguard and to Terminate the Guardianship of Cloud filed February 2, 2022.

---

Second, [Appellants] argued they have standing because [G.] told Jerry [T.,] Appellants' father and G.'s brother,] in November of 2020 he wanted to make [Appellant] T.T. the sole

- 6 -

beneficiary of his will[,] and because [G.] told Jerry [T.] on January 6, 2022 he plans to give [Appellant E.D.T.] all his books when he dies. Motion, 2/2/2022, 60.

Third, [Appellants] argued they have standing because the Guardian filed a Second Amended Petition to Utilize Funds Held at Vanguard on May 25, 2021[,] proposing to name them as alternate beneficiaries of two (2) accounts owned by the [e]state. Motion, 2/2/2022, 61.

[The orphans'] court rejected all three (3) grounds. First, [Appellants'] reliance on 20 Pa.C.S. § 5512.2 was misplaced. The statute provides that "[t]he court shall conduct a review hearing promptly if the incapacitated person, guardian or any interested party petitions the court for a hearing for reason of a significant change in the person's capacity, a change in the need for guardianship services or the guardian's failure to perform his duties in accordance with the law or to act in the best interest of the incapacitated person." 20 Pa.C.S. [§] 5512.2(a). [Appellants] argued a *non sequitur* when they argued the right to request a review hearing must lead to the right to oppose a petition for attorneys' fees. More than that, [Appellants] employed the term "interested party" as if it means "anyone who cares[,]" which would … do away with the requirement of standing altogether.

**Second, [Appellants'] argument they might someday be named as heirs or beneficiaries admitted they are not named as heirs or beneficiaries. Speculation as to the rights they might someday possess fell far short of evidence upon which this court could have found that they are aggrieved and that their interest in the grant or denial of the Petition for Allowance of Attorneys' Fees is "substantial, direct and immediate**.**" [*Donahue*, 98 A.3d at 1229.]**

Orphans' Court Opinion, 3/20/23, at 5-6 (emphasis, citation and paragraph breaks added, one footnote omitted).

We agree with the orphans' court's reasoning and its conclusion is sound. ***See id.*** Appellants' claim of standing in the orphans' court's proceedings lacks merit. ***See id.***

Based on the foregoing reasoning, we conclude Appellants lack standing to pursue the instant appeal. Pennsylvania Rule of Appellate Procedure 501 provides as follows:

**Rule 501. Any Aggrieved Party May Appeal**

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

Pa.R.A.P. 501. "Whether ... a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, *etc.*" Pa.R.A.P. 501, note.

The Appellate Rules do not define the term "party." However, the note following the definitional rule, Pa.R.A.P. 102, states that [the] rule is based on 42 Pa.C.S. § 102, which defines "party" as "a person who commences or against whom relief is sought in a matter."

*In re Brown*, 507 A.2d 418, 420 (Pa. Super. 1986) (citation omitted); *accord In re Est. of A.J.M.*, 2024 PA Super 4, 2024 Pa. Super. LEXIS 5, *10 (filed January 11, 2024). "[A]n appeal by one who was not a party to a proceeding in the trial court must be quashed." *Brown*, 507 A.2d at 420 (citation omitted).

Presently, Appellants were not aggrieved by the award of attorneys' fees from G.'s estate. As the orphans' court observed in its opinion,

[G.] is without issue, and his parents are deceased, but his brother Jerry [T.] is alive. That meant that Jerry [T.'s] issue, [Appellants], had no right to a share of [G.'s] intestate estate. 20 Pa.C.S. §§ 2103(3) ("Brothers, sisters, or their issue.-- If no parent survives the decedent, then to the issue of each of the decedent's

parents.") (emphasis omitted); 20 Pa.C.S. § 2104 (Rule of Succession)….

Orphans' Court Opinion, 3/20/23, at 4 (citation omitted).  Because Appellants established no interest in G.'s estate, they were not aggrieved by the estate's payment of attorneys' fees.  Consequently, they lack standing to appeal the orphans' court's order granting the payment of attorneys' fees.  ***See Brown***, 507 A.2d at 420.

Because we agree Appellants lacked standing to oppose the petition for attorneys' fees, and further lack standing to pursue this appeal, we quash their appeal.[2]  ***See id.***

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2024

---

[2] Because we conclude Appellants lack standing to appeal, we need not address their remaining issues.